UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KYLE FINNELL,<br>    Plaintiff, | Case No. 1:20-cv-337 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| TIMOTHY EPPANS, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the London Correctional Institution, brings this action under 42 U.S.C. § 1983 against defendants Sheriff Jim Neil, Timothy Eppans,[1] Nicholas Pugh, Sgt. J. Franklin, and Lt. B. Buchanan for alleged violations of plaintiff's rights while he was housed at the Hamilton County Justice Center (HCJC). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**A.    LEGAL STANDARD**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

---

[1] Plaintiff variously spells this defendant's name as "Eppans" and "Eppens" in his complaint. (*See, e.g.*, Doc. 1-1, at PageID 11, 12). For ease of reference, the undersigned will use Eppans in this Order and Report and Recommendation to reflect the spelling used in the Court's docket sheet.

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on June 3, 2019, after returning to the HCJC from the courthouse, he requested lunch from a deputy and was told to ask staff in his housing unit. (Doc. 1-1, at PageID 12). Plaintiff alleges that he did so and was told by a deputy in his unit that a lunch would be ordered. (*Id.*). Approximately thirty minutes later, plaintiff buzzed the house staff and reached defendant Timothy Eppans. (*Id.*). Plaintiff alleges that he and Eppans exchanged some "disrespectful words," and Eppans told plaintiff to lock down in his cell. (*Id.*). Plaintiff responded that he wanted to see a supervisor and sat down on a bench in his housing unit. (*Id.*).

Plaintiff alleges that Eppans then entered the housing unit, grabbed plaintiff by the arm,

and told him to go to his cell. (*Id*.). Plaintiff alleges that he put his hands behind his back and began to walk to his cell, when he heard Eppans use derogatory language. (*Id*.). According to plaintiff, Eppans "began to yell racial slurs as, 'I hate you people,' I said, 'who,' he said, 'you niggers,' I said, 'I hate you people too' he said, 'who whites,' I said, 'no you racist people.'" (*Id*.).

Plaintiff alleges that Eppans then pushed plaintiff twelve feet into a wall. (*Id.*). Plaintiff states that as he stood spread eagle with his hands against the wall he looked back over his shoulder. (*Id*.). Plaintiff alleges that Eppans then punched plaintiff in the left eye, pushed him to the ground, and continued to yell racial slurs. (*Id*. at PageID 12-13). Plaintiff alleges that another deputy arrived a moment later and told Eppans to get off of plaintiff. (*Id.* at PageID 13). Plaintiff alleges that the deputy placed plaintiff in handcuffs, took him to medical, and later took him to UC Hospital. (*Id*.).

For relief, plaintiff seeks monetary damages. (*Id.* at PageID 18).

Based on these allegations, plaintiff brings the following three claims: (1) the Hamilton County sheriff has a custom of tolerating excessive force and racism at the HCJC; (2) defendant Eppans, in his individual and official capacities, used excessive force against plaintiff;[2] and (3) Sheriff Neil and the "County Commissioners"[3] violated plaintiff's rights under the Eighth Amendment and his rights to due process and equal protection of law under

---

[2] It appears from the allegations in the complaint that plaintiff was at the HCJC as a pre-trial detainee. However, whether plaintiff was at the HCJC as a pre-trial detainee or as an inmate serving a sentence has no practical effect in this matter. Although Eighth Amendment prohibitions do not apply to pretrial detainees, the Fourteenth Amendment's due process clause provides the same protections to detainees as the Eighth Amendment does to convicted persons. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005).

[3] However, the County Commissioners are not named as defendants in this action. To the extent that plaintiff asserts claims against non-defendants, such claims are subject to dismissal.

4

the Fourteenth Amendment by ignoring complaints of excessive force and failing to properly train officers at the HCJC. (Doc. 1-1, at PageID 16-17).

### C. ANALYSIS

Liberally construed and without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendant Eppans in his individual capacity. For the reasons stated below, however, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, to the extent that plaintiff brings claims against Sheriff Neil or any other defendant based on allegations that an unconstitutional custom or policy or failure to train resulted in the alleged denial of plaintiff's rights, such claims are official capacity claims and are treated as claims against Hamilton County, Ohio, the entity of which defendants are agents. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). *See also Burley v. Gagacki,* 729 F.3d 610, 618 (6th Cir.2013) ("'A municipality can be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom' or if a 'failure to train amounts to deliberate indifference' to such rights.") (quoting *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 900 (6th Cir.2004)).

Here, plaintiff has failed to adequately plead that the alleged violation of his civil rights occurred as a result of a Hamilton County custom or policy or a failure to train. Plaintiff's conclusory assertions of "many cases" (Doc. 1-1, at PageID 12, 14) and of a "practice of tolerating excessive force" (*id.*, at PageID 16), without more, are the types of legal conclusion

5

couched as a factual allegation that do not pass muster under *Twombly* or *Iqbal*. "A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Hargrow v. Shelby Cty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *4 (W.D. Tenn. Aug. 7, 2014). *See, e.g.*, *Rowland v. City of Memphis, Tenn.*, No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."). *See also Biggin v. Ohio*, No. 3:17-CV-2193, 2019 WL 3500921, at *7 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any *factual* underpinning, simply cannot sustain a policy/practice failure to train claim."); *Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding "plaintiff's conclusory allegations of an 'implicit or explicit' unidentified policy and of a failure to train and supervisor, without more, fail to state" a plausible claim under § 1983), *report and recommendation adopted*, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016); *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (finding that "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."). As plaintiff has failed to state a claim for relief against Hamilton County under § 1983, plaintiff's official capacity claims against the defendants are subject to dismissal.

      Plaintiff has also failed to state an individual capacity claim against Sheriff Neil. Plaintiff has failed to allege facts showing that Sheriff Neil was personally present or had any

6

involvement in the alleged incidents. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Next, to the extent that plaintiff has generally alleged that the defendants are part of a conspiracy to violate his rights (*see* Doc. 1-1, at PageID 14), his allegations are too conclusory to state a claim upon which relief may be granted. *See, e.g., Anderson v. Cty. of Hamilton,* 780 F.Supp.2d 635, 643–44, 652 (S.D. Ohio 2011) (Barrett. J,; Hogan, M.J.) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy); *see also Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987)) ("It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"). *Cf. Jeter v. Ahmed,* No. 1:13cv244, 2013 WL 6157991, at *1, *3 (S.D. Ohio Nov. 25 .2013) (Weber, J.; Bowman, M.J.) (quoting *Alder v. Correctional Medical Servs.,* 73 F. App'x 839, 841 (6th Cir.2003)) (adopting recommendation to dismiss a prisoner's conspiracy claim at screening stage).

Finally, as there are no allegations in the complaint against defendants Nicholas Pugh, Sgt. J. Franklin, and Lt. B. Buchanan, other than the conclusory conspiracy allegations discussed above, these defendants should be dismissed. *See Copeland v. Machulis*, 57 F.3d

7

476, 481 (6th Cir. 1995) (finding that defendant's personal involvement is a necessary element in a § 1983 claim) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)).

Accordingly, in sum, the complaint is deserving of further development and may proceed at this juncture against defendant Eppans in his individual capacity. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendant Eppans in his individual capacity.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Timothy Eppans as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon the defendant or, if appearance has been entered by counsel, upon the defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

    3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*/s/ Stephanie K. Bowman*
_____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KYLE FINNELL,                                          Case No. 1:20-cv-337
     Plaintiff,

                                                      Barrett, J.
     vs.                                             Bowman, M.J.

TIMOTHY EPPANS, et al.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).