**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KYLE FINNELL,                                    Case No. 1:20-cv-337

     Plaintiff,

     vs                                         Cole, J.
                                                  Bowman, M.J.

DEPUTY TIMOTHY EPPENS,

     Defendant.

**ORDER AND**
**REPORT AND RECOMMENDATION**

     This civil action is now before the court on Plaintiff's motion for extension of time, petition for injunctive relief, petition pursuant to Rule 60 and motion for default judgment. (Docs. 7, 9, 10, 11). Also before the Court is Defendant Eppens motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) for failure to timely effect service (Doc.17) and the parties' responsive memoranda. (Docs. 20, 21). The motions will be address in turn.

### I. Background and Facts

     The actions that give rise to the allegations against Defendant Eppens contained within Plaintiff's Complaint originate from an alleged use of force incident at the Hamilton County Justice Center on June 3, 2019. Plaintiff initially sought leave to proceed in forma pauperis on April 29, 2020, which was granted and his Complaint docketed on June 15, 2020. (Doc. 1; Doc. 3).

     Also, on June 15, 2020, the undersigned issued her Report and Recommendation ("R&R") that all claims be dismissed as to the various Defendants' sued, with the

exception of the individual capacity claims against Defendant Eppens, and ordered Plaintiff to perfect service of the Complaint. (Doc. 4).

**II. Analysis**

A.    *Plaintiff's request for extension of time and request under Rule 60 (Docs. 7, 10)*

Plaintiff asks the court for more time to file his objections to the Court's June 2020 Report and Recommendation due to the COVID 19 pandemic.  Notably, Plaintiff contends the prison was on lockdown and he was unable to timely file his objections to the R & R. The R&R was subsequently adopted by the District Judge on June 30, 2020 (Doc. 6). Plaintiff's objections were ultimately filed with the Court on July 13, 2020. Plaintiff's objections focus primarily on the actions of Defendant Eppens.  It appears, however, that Plaintiff believes this entire action has been dismissed. However, Plaintiff's claims against Defendant Eppens remain pending before the Court.  Accordingly, Plaintiff's requests are **DENIED as MOOT**.

B.    *Plaintiff's request for Injunctive Relief (Doc. 9)*

Plaintiff's purported request for injunctive relief asks the court to award attorney fees and to appoint counsel.  Plaintiff's requests are not well taken.

Pro se litigants are not entitled to recover attorney fees.  *Kay v. Ehrler*, 499 U.S. 432 (1991).  Furthermore, Plaintiff's motion for the appointment of counsel will be denied based upon the general principle that civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard,* 856 F.2d 741 (6th Cir. 1988). Plaintiff's complaint is legible and articulate, and he has adequately represented himself in this matter through the date of this decision. At this stage in the

proceedings, Plaintiff has failed to demonstrate the type of exceptional circumstances that would justify the rare appointment of free counsel for a pro se civil litigant. *Lavado v. Koehane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Accordingly, Plaintiff's requests (Doc. 9) are **DENIED.**

### C. *Plaintiff's motion for Default Judgment (Doc. 11)*

Plaintiff also seeks default judgment against Defendant Eppens asserting that he has not properly responded to this action. As more fully explained below, at the time Plaintiff's motion was filed, there is no indication that the defendant had been properly served with Plaintiff's Summons and Complaint. Furthermore, Defendant has filed a motion to dismiss this action. Accordingly, there is no evidence that Defendant has failed to plead or otherwise defend in this action. Plaintiff's motion (Doc. 11) should be **DENIED.**

### D. *Defendant's motion to Dismiss (Doc. 17)*

Defendant notes that a copy of the complaint was sent by certified mail to Deputy Eppens and not received until at least October 8, 2020 at the Hamilton County Sheriff's Office located at 1000 Sycamore Street, Cincinnati, OH 45202, more than 90 days since the Court ordered him to serve the Complaint. As such, Defendant contends that Plaintiff has not properly perfected service of the Complaint on Defendant Eppens in the time required, and thus this case should be dismissed. Defendant's contention is not well-taken at this time.

Under Fed. R. Civ. P. 4(m), "[I]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Here, Plaintiff's Complaint in this case was docketed and

ordered to be served on Defendant on June 15, 2020. This gave Plaintiff until September 13, 2020 to serve the Defendant. Under Rule 4, if a defendant is not timely served, the court may dismiss the action against that defendant. Fed. R. Civ. P. 4(m). To serve an individual defendant, a plaintiff may (among other methods) have the papers delivered to the individual personally, deliver them to the individual's agent for service of process, or follow state-law procedures for service of process. Fed. R. Civ. P. 4(e). The plaintiff bears the burden of proving that service was proper. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Breezley v. Hamilton County*, 674 Fed.Appx. 502 (2017). Fed. R. Civ. P. 4(e) allows a party to serve a defendant by either (1) serving them in accordance with applicable state law in the jurisdiction where the District Court is located, or (2) delivering a copy of the summons and complaint personally, leaving a copy at the individual's usual place of dwelling, or delivering a copy to an agent authorized by appointment or by law to accept service of process for that individual.

Under Ohio law, service of process at a person's business address must comport with the requirements of due process. *Whisman v. Robbins*, 712 F.Supp 632, 638 (S.D. Ohio 1988) citing *Regional Airport Authority v. Swineheart*, 62 Ohio.St.2d 403, 406 N.E.2d 811 (Ohio 1980). The standard of due process in this context was announced in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed 865 (1950.) Mullane held that, "[A]n elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id

4

In support of dismissal, Defendant also cites *Breezely v. Hamilton County,* et al., wherein a dismissal for failure of service was upheld.  674 Fed.Appx. 502 (2017). The Plaintiff in *Breezely* brought suit against several Hamilton County Sherriff's Deputies in their individual capacities and attempted to serve them via certified mail at the Hamilton County Justice Center. *Id.* at 504. An employee in the mailroom signed the certified mail, purportedly on behalf of the deputies. *Id.* The 6th Circuit upheld the dismissal as the mailroom employee was not found to be an agent authorized to accept service on behalf of the deputies and, thus, the Plaintiff could not establish that service was proper. *Id.* at 505-506.

Defendant further argues that "actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules." *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 329, 984 N.E.2d 25, 2008-Ohio-321, (Ohio 2008) citing, *Maryhew v. Yova*, 11 Ohio St.3d 154, 157, 11 OBR 471, 464 N.E.2d 538 (Ohio 1984); *Haley v. Hanna*, 93 Ohio St. 49, 52, 112 N.E. 149 (Ohio 1915).

However, the facts in *Breezley* are not comparable to those in this case.  Notably, in *Breezley,* the Plaintiff was represented by counsel and was not proceeding pro se. Moreover, Plaintiff's counsel made several attempts at service and the court also held a show cause hearing before dismissing the case for insufficient service of process.  *Id.* at 505.  The Court also noted that corrections officers are hard to serve because their home addresses are not subject to disclosure under Ohio's public-records law. Id.; *See State ex. rel. Dispatch Printing Company v. Johnson*, 106 Ohio St.3d 160, 833 N.E.d 274, 284 (2005). The Court further noted *Breezley* could have hired a process server or asked the

county prosecutor (as counsel in the case) to waive service on the defendants' behalf, as the prosecutor assured the Court he routinely does. *Id.*; Fed. R. Civ. P. 4(c)(3), (d).

Here, Plaintiff is a pro se prisoner who was granted *in forma pauperis* status. As such, service was issued by the United States Marshall Service. Accordingly, in the interests of justice, the undersigned finds that Defendant's motion to dismiss is not well-taken at this time.

Additionally, the Court finds that Defendant Eppens has been properly served. Notably, Defendant argues that service was untimely. However, as noted above, on June 15, 2020, the undersigned granted Plaintiff in forma pauperis status and issued an Order which directed the United States Marshal Service to serve a copy of the Complaint and summons upon Defendant Deputy Timothy "Eppans." (Doc. 4). The Clerk of Court contemporaneously issued summons for the Defendant and forwarded it to the United States Marshal for service.

Thereafter, on August 21, 2020, return of service of the Complaint was received unexecuted by the Clerk of Court from the United States Marshal Service. (Doc. 12). Service was returned by the United States Postal Service as undeliverable, the envelope used for mailing contained the endorsement "Return to Sender – Attempted, Not Known."

The Court then reviewed Plaintiff's complaint as well as the service forms prepared and found the service address provided by Plaintiff for the Defendant may be insufficient to perfect service of the Complaint.  (Doc. 13).  Notably Defendant Eppens' name was misspelled on the initial summons.  The Court then Ordered that the Clerk reissue service of the Complaint, as specified in the undersigned's Order of June 15, 2020 (doc. 4), upon Defendant Deputy Timothy Eppens at the following address: 1000 Sycamore Street,

Room 110, Cincinnati, OH 45202. Additionally, the Clerk of Court was directed to correct on the Court's docket Defendant's last name to read "Eppens." (Doc.13). Summons was reissued on August 21, 2020.

The docket indicates that the summons was Returned Executed (Not Effectuated related to COVID19) as to Defendant Timothy Eppens on October 8, 2020. As such, service was timely with respect to the reissued summons. Moreover, Defendant Eppens answer was due on October 29, 2020. Defendant Eppens did not file an answer, but instead filed the instant motion to dismiss for lack of service on October 29, 2020. Defendant purportedly objects to the location of service. However, service has been routinely accepted by corrections officers for the Hamilton County Sherriff's Office at this address.

Furthermore, the Court recently issued a General Order regarding service of process by certified mail during the COVID-19 pandemic. See General Order No: 20-39[1]; The General Order noted that due to COVID-19, the United States Postal Service has implemented temporary modifications to its mail handling procedures for mail that requires customer signatures, including certified mail. Accordingly, in light of the risks associated with the pandemic, service of process may be evidenced by delivery of certified mail or express mail by the USPS as reflected by notations of "COVID" or COVID-19". Service in this matter shall be deemed to be perfect unless otherwise challenged. Id. Here, service complies with the General Order.

---

[1] https://www.ohsd.uscourts.gov/sites/ohsd/files//General%20Order%2020-39_.pdf

In light of Plaintiff's pro se and *in forma pauperis* status, as well as the COVID- 19 pandemic, the undersigned finds that Defendant Eppens has been properly served in this matter.

### III.    CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that: 1) Plaintiff's motion for default judgment (Doc. 11) be **DENIED;** and 2) Defendant's motion to dismiss (Doc. 17) be **DENIED.**

It is further **ORDERED** that; 1) Plaintiff's motion for injunctive relief (construed as a motion for attorney fees and to appoint counsel (Doc. 9) is **DENIED**; and 2) Plaintiff's motion for an extension of time and Rule 60 relief (Docs. 7, 10) are **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KYLE FINNELL,                                          Case No. 1:20-cv-337

    Plaintiff,

                                     Cole, J.
    vs                                                     Bowman, M.J.

DEPUTY TIMOTHY EPPENS,

Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9