UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KYLE FINNELL, | : | Case No. 1:20-cv-337 |
| Plaintiff, | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| TIMOTHY EPPENS, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on Defendant Eppens' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) (Doc. #37), Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. #40),[2] and Defendant's Reply to Plaintiff's Opposition to the Motion to Dismiss (Doc. #44).

## I.   BACKGROUND

Plaintiff Kyle Finnell, an inmate at the London Correctional Institution, brings this action under 42 U.S.C. § 1983 for events stemming from an incident at the Hamilton County Justice Center on June 3, 2019. (Doc. #3, *PageID* #s 33-34). Specifically, Plaintiff alleges that, after going to court, he returned to the Hamilton County Justice Center and informed a deputy that he had not received lunch that day. *Id*. at 33. The deputy instructed Plaintiff to ask the staff in his housing unit for lunch, which he did upon arrival. *Id*. When about thirty minutes elapsed and Plaintiff had not received his lunch, he buzzed the housing unit staff and reached Defendant Timothy Eppens.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Plaintiff appears to have filed a duplicate copy of this response on December 12, 2022. (Doc. #43).

*Id*. At that point, Plaintiff and Defendant Eppens exchanged "disrespectful words," and Defendant Eppens told Plaintiff to lock down in his cell. *Id*. In response, Plaintiff requested to see a supervisor and sat down on a bench in his housing unit. *Id*.

According to Plaintiff, Defendant Eppens then entered the housing unit, grabbed him by the arm, and instructed him to go to his cell. *Id*. Plaintiff reports that he then put his hands behind his back and started to walk to his cell when Defendant Eppens began to yell racial slurs at him and pushed him twelve feet into a wall. *Id*. Once against the wall, Plaintiff alleges that he looked over his left shoulder, at which point Defendant Eppens proceeded to punch him in the left eye, force him to the ground, and continue to yell racial slurs. *Id*. at 33-34. Plaintiff alleges that another deputy then entered the room and told Defendant Eppens to get off him. *Id*. Plaintiff contends that he was then placed in handcuffs and taken to the medical unit and, ultimately, to UC Hospital. *Id*. at 34.

As a result, Plaintiff initiated this action on April 29, 2020 by filing a motion for leave to proceed *in forma pauperis*, which was subsequently granted by Magistrate Judge Stephanie K. Bowman. (Doc. #s 1, 2). Plaintiff's Complaint was then docketed on June 15, 2020, detailing the above allegations against Defendant Eppens and several other public officials he believed to be responsible. (Doc. #3). Also on June 15, 2020, Magistrate Judge Bowman performed an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. (Doc. #4). Based on this review, Magistrate Judge Bowman recommended that Plaintiff be permitted to pursue his claim for excessive force against Defendant Eppens in his individual capacity but dismissed the remaining claims. (Doc. #4, *PageID* #s 48-52). The Court adopted these recommendations on June 30, 2020. (Doc. #6).

2

Thereafter, an extended saga of attempting service on Defendant Eppens ensued. On August 21, 2020, service of the Complaint was returned to the Clerk of Court as unexecuted. (Doc. #12). Upon review, Magistrate Judge Bowman found that the service address provided by Plaintiff may have been insufficient to perfect service of the Complaint and that the prior attempt of service was issued with a misspelling of the Defendant's last name. (Doc. #13, *PageID* #s 171-72). As a result, Magistrate Judge Bowman ordered that service be reissued to Defendant Eppens with the correct spelling of his name and that the service be directed at the address for the Hamilton County Sheriff's Office, where Defendant Eppens was employed. *Id*. at 172.

On October 8, 2020, the Hamilton County Sheriff's Office received the Complaint and summons but did not provide a signature on the certified mail return receipt. (Doc. #23). Instead, the receipt contained a notation from the United States Postal Service that a signature was not effectuated because of their policy to avoid face-to-face interaction during the COVID-19 pandemic. *Id*. Despite the lack of signature, Defendant Eppens ultimately received the Complaint as he timely filed a motion to dismiss for lack of service on October 29, 2020. (Doc. #17).

On January 8, 2021, Magistrate Judge Bowman recommended that the motion to dismiss be denied, finding that the Defendant Eppens was properly served pursuant to the Court's General Order Number 20-39, which permitted service of process to be effectuated by delivery of certified mail or express mail by the United States Postal Service with a notation referring to "COVID" or "COVID-19" instead of the recipient's signature. (Doc. #24, *PageID* #s 308-13).

Upon review, District Judge Douglas R. Cole adopted the recommendation to deny Defendant Eppens' motion to dismiss but disagreed with Magistrate Judge Bowman's finding that service was proper. (Doc. #29, *PageID* #s 343-48). In reaching this conclusion, District Judge Cole found that "[c]ertified mail service at the place of work is fine in this case," but could not

3

locate "any specific Ohio law implementing a modification to the signature requirement based on COVID-19[]" that would "extend to a mail carrier's signature." *Id*. at 346. Additionally, District Judge Cole noted that service in this case was attempted on October 8, 2020, which predated the Court's General Order 20-39 allowing service to be perfected by providing a "COVID" or "COVID-19" notation. *Id*. at 345-47. Nonetheless, District Judge Cole *sua sponte* extended the time for service on Defendant Eppens pursuant to Fed. R. Civ. P. 4(m) until August 31, 2021. *Id*. at 348. Despite this extension, the docket does not reflect that the United States Marshals Service was ordered to issue such service. As Plaintiff has been authorized to proceed *in forma pauperis* in this case, the Court is responsible for ordering such service. Fed. R. Civ. P. 4(c)(3) (the Court must order that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court[]" if the plaintiff is authorized to proceed *in forma pauperis*).

Thus, once assigned to this case, the undersigned extended the time for service pursuant to Fed. R. Civ. P. 4(m) until January 5, 2023 and ordered the United States Marshals Service to reissue service of the Complaint and summons to Defendant Eppens at the Hamilton County Sheriff's Office. (Doc. #32). On October 27, 2022, the Clerk of Court received the executed summons with the certified mail return receipt containing the signature of "J. Harris" dated October 24, 2022. (Doc. #34, *PageID* #s 358-59).

On November 7, 2022, Defendant Eppens filed the instant Motion to Dismiss. (Doc. #37). The motion is fully briefed and, thus, ripe for review.

II. **LAW AND ANALYSIS**

In his Motion to Dismiss, Defendant Eppens requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) for insufficient service of process and failure to commence the action within the statute of limitations prescribed by Ohio Revised Code ("O.R.C.")

4

§ 2305.10(A) and Ohio Civil Rule 3(A). (Doc. #37). For the reasons that follow, the undersigned **RECOMMENDS** that Defendant Eppens' Motion to Dismiss (Doc. #37) be **DENIED**.

### A. Service of Process

Defendant Eppens first argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)[3] for insufficient service of process. (Doc. #37, *PageID* #s 366-67). "Service of process refers to a formal delivery of document that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellshaft v. Schulunk,* 486 U.S. 694, 108 S Ct. 2104 (1988). "[W]ithout proper service of process, consent, waiver, or forfeiture," the court cannot exercise jurisdiction over the defendant. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999)).

If service of process is insufficient, Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss the action. Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(c); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996).

In order to perfect service under Rule 4, a party must be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If service is not made within this time, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice

---

[3] As an initial matter, it is noted that Defendant Eppens failed to specify the subsection of Rule 12 that he is moving under to dismiss Plaintiff's Complaint. Given that his argument centers around the lack of timely service rather than the form of the service, *i.e.*, the content of the summons, the undersigned construes his motion as proceeding under subsection (b)(5) instead of subsection (b)(4). *See Rose v. Bersa*, 327 F.R.D. 628, 632 (S.D. Ohio 2018) (distinguishing a Rule 12(b)(4) motion as one that "concerns the form of process… [and] is proper only to challenge non-compliance with the provisions of Rule 4" with a Rule 12(b)(5) motion that "challenges the mode of serving the summons and complaint.") (quoting *Garcia v. Rushing*, No. 4:11CV00734, 2012 WL 646061, at *1 (N.D. Ohio Feb. 28, 2012)).

5

as to that defendant[.]" *Id.* If, however, there is good cause for the failure to timely serve, "the court *shall* extend the time for service for an appropriate period." *Id.* (emphasis added).

As for the methods of such service, Rule 4 provides that service can be accomplished by delivering a copy of the summons and complaint personally, leaving a copy at the individual's usual place of dwelling, or delivering a copy to an agent authorized by appointment or by law to accept service of process for that individual. Fed. R. Civ. P. 4(e)(2)(A)-(C). Alternatively, service can be accomplished by serving the individual in accordance with applicable state law in the jurisdiction where the district court is located. Fed. R. Civ. P. 4(e)(1).

As applicable here, Ohio law permits service by certified mail "[e]videnced by return receipt signed by *any person*." Ohio Civ. R. 4.1(A)(1)(a) (emphasis added); *see also Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 506 (6th Cir. 2017). When a certified mail return contains such a signature, there is a rebuttable presumption that service was proper under Ohio law. *See Breezley*, 674 F. App'x at 506 (citing *Ohio Civil Rights Comm. v. First Am. Properties, Inc.*, 680 N.E.2d 725, 729 (Ohio Ct. App. 1996); *TCC Mgmt., Inc. v. Clapp*, 2005-Ohio-4357, ¶ 15, 2005 WL 2008677 (Ohio Ct. App. 2005).

As noted previously, the Clerk of Court has received two certified mail return receipts in this case. The first was returned on October 8, 2020 and contained a notation regarding COVID-19, but it did not contain a signature and, therefore, was found to not constitute perfected service. (*See* Doc. #23; Doc. #29, *PageID* #s 345-47). However, the second certified mail return receipt contained the signature of "J. Harris" and was dated October 24, 2022. (Doc. #34, *PageID* #s 358-59). Accordingly, under Ohio law, the return of this certified mail return receipt with the signature of J. Harris raised a rebuttable presumption of proper service. *Breezley*, 674 F. App'x at 506.

6

In response, Defendant Eppens contends that he has successfully rebutted this presumption by submitting an affidavit in which he declares, among other things, that (1) he "do[es] not know a person named J. Harris"; (2) he has "never authorized J. Harris, or any other individual, to accept service of process on [his] behalf"; (3) "J. Harris did not personally provide a summons on any federal case to [him]"; and (4) he has "never received a copy of a summons" or "any papers" related to the instant case. (Doc. #37, *PageID* #367) (citing Doc. #35).

Defendant Eppens further relies on the Sixth Circuit's decision in *Breezley*, asserting that the court "found that the plaintiff failed to meet the burden of showing that the correction officers received personal service under the exact factual situation here." *Id*. at 366. (citing *Breezley*, 674 F. App'x 502 (6th Cir. 2017). Indeed, in *Breezley*, the Sixth Circuit upheld the district court's finding that a jail's mailroom employee's receipt of summons for other jail employees via certified mail was insufficient to constitute *personal* service under Federal Rule Civil Procedure 4(e)(2)(A) because "signing for mail is not the same as delivering it 'personally.'" *Breezley*, 674 F. App'x at 505. The court similarly rejected the plaintiff's argument that this encounter constituted service through an authorized agent under Federal Rule Civil Procedure 4(e)(2)(C). *Id*.

However, in the case at hand, there is no argument that Defendant Eppens was served personally under Federal Rule of Civil Procedure 4(e)(2)(A) or through an authorized agent under Federal Rule of Civil Procedure 4(e)(2)(C). Instead, the question is whether the certified mail return receipt signed by J. Harris was sufficient to perfect service via certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Ohio Civil Rule 4.1(A)(1)(a). Again, under Ohio law, the mere presence of a signature by "any person" on a certified mail return receipt creates a rebuttable presumption of proper service. *See Breezley*, 674 F. App'x at 505; *see also Ohio Civil Rights. Comm*., 680 N.E.2d at 728 ("Valid service of process is presumed when the envelope is

received by any person at the defendant's residence; the recipient need not be an agent of the defendant.") (citations omitted). In *Breezley*, only one of the corrections officers presented a return receipt for service by certified mail, but the signature was illegible, and the plaintiff did not raise the district court's finding on this point on appeal. *Breezley*, 674 F. App'x at 506. Thus, the return of the certified mail return receipt containing the signature of J. Harris gave rise to the presumption of valid service by certified mail in this case.

Notwithstanding the foregoing, Defendant Eppens' sworn attestations that he did not receive the summons raises some concerns as to whether service was perfected under Federal Rule of Civil Procedure 4(e)(1) and Ohio Civil Rule 4.1(A)(1)(a). While the presence of a defendant's self-serving affidavit stating that he did not receive such process is generally insufficient to alone rebut the presumption of valid service, Ohio courts often find that such a sworn statement merits at least an evidentiary hearing to determine the credibility of the statement. *See Ohio Civil Rights Comm.*, 680 N.E. 2d at 729 (finding that a defendant's affidavit stating that he did not receive process does not necessarily rebut the presumption of valid service but does warrant an evidentiary hearing where the credibility of the affidavit is assessed, though "[a]ctual service need not be proved to contradict the affidavit.").

However, based on the current posture of this case, the Court finds that conducting an evidentiary hearing on the credibility of Defendant Eppens' affidavit would unnecessarily prolong the case to the detriment to the parties, this Court, and the interests of the public at large. That is, if Defendant Eppens' affidavit is found credible, meaning service was not perfected, the Court would be brought back to the question of whether it should dismiss Plaintiff's Complaint for the failure to serve Defendant within 90 days or whether good cause exists to extend the time for service once again. *See* Fed. R. Civ. P. 4(m). While service has been extended several times in this

8

case already, dismissal would likely not be appropriate without further action and notice to Plaintiff. Indeed, dismissal under such circumstances would be especially inappropriate where, as here, Plaintiff is proceeding *in forma pauperis.* When a plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process[.]" Additionally, Federal Rule of Civil Procedure 4(c)(3) provides that, when a plaintiff is authorized to proceed *in forma pauperis*, the court is obligated to "order that service be made by the United States marshal or deputy marshal or by a person specially appointed by the court." Taken together, the Sixth Circuit has interpreted Rule 4(c)(3) and 28 U.S.C. § 1915(d) to "reliev[e] a plaintiff [proceeding *in forma pauperis*] of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd,* 94 F.3d at 219.

In this case, Magistrate Judge Bowman granted Plaintiff *in forma pauperis* status on June 15, 2020. (Doc. #2). Additionally, from his very first filing, Plaintiff has identified Defendant as Timothy Eppens, a deputy employed at Hamilton County Justice Center. (Doc. #1). Thus, all subsequent attempts at service in this case were at the direction of the Court (as was its obligation). (*See* Doc. #s 5, 13, 14, 29, 32, and 33). As such, any failure in the October 24, 2022 attempt to perfect service would rest with the Court and the United States Marshals Service and not with Plaintiff. Under these circumstances, the Sixth Circuit directs district courts to "confer a showing of automatic good cause" and extend the time for service under Federal Rule of Civil Procedure 4(m). *See Byrd*, 94 F.3d at 220 (holding that the court's failure to effect timely service of the complaint for a plaintiff proceeding *in forma pauperis* constitutes a showing of good cause under Fed. R. Civ. P. 4(m)). Accordingly, under these circumstances, the Court finds good cause exists to extend the time for service pursuant to Federal Rule of Civil Procedure 4(m).

9

Finally, while it is true that a defendant has a right to demand proper service, he also "has a duty to avoid unnecessary expense of serving the summons." Fed. R. Civ. P. 4(d)(1). In this case, Defendant Eppens' affidavit has raised sufficient concerns regarding whether he has (and whether he would) receive proper service at the Hamilton County Justice Center if issued by certified mail. Additionally, since the home addresses of corrections officers are not subject to disclosure under Ohio's public-records law, s*ee State ex. rel. Dispatch Printing Company v. Johnson*, 833 N.E.2d 274, 284 (Ohio 2005), service at Defendant Eppens' personal residence also proves difficult.

However, under the Federal Rules of Civil Procedure, a defendant may waive the defense of insufficiency of service of process. Fed. R. Civ. P. 12(b)(5), 12(h). As part of his Motion to Dismiss, Defendant Eppens submits a declaration by Chief Assistant Hamilton County Prosecutor Kathleen Bailey regarding service of process for Hamilton County Deputies. (Doc. #36). In the declaration, Ms. Bailey indicates that, in June 2021, she helped coordinate a procedure with Magistrate Judge Bowman where the United States Marshals would send her a letter identifying the Hamilton County Deputies that have been named as defendants in federal lawsuits where the plaintiff was proceeding *in forma pauperis* and request her to complete waivers of service of process for the identified defendants. *Id*. Ms. Bailey further states that this procedure was not followed with regard to Defendant Eppens in this case. The declaration does not address, however, any attempts by the Hamilton County Prosecutors' Office to advise the undersigned, who sits in a different seat of court than Magistrate Judge Bowman, of this process at any time other than in conjunction with the instant Motion to Dismiss. Nonetheless, the undersigned infers from Ms. Bailey's declaration that her office is amenable to receiving waivers of service of process for such Hamilton County Deputies, including Defendant Eppens, if the United States Marshals send her a

10

letter identifying the defendant and requesting such waiver. Accordingly, the Court finds that requesting a waiver of service of process under Federal Rule of Civil Procedure 4(d) is warranted in this case.

In short, to the extent that Defendant Eppens moves to dismiss Plaintiff's Complaint for insufficiency of service of process, it is **RECOMMENDED** that his Motion to Dismiss (Doc. #37) be **DENIED**. Additionally, if this Report and Recommendation is adopted by District Judge Hopkins, it is also **RECOMMENDED** that the time for service be **EXTENDED** an additional 45-days after such adoption and that the United States Marshal be **DIRECTED** to serve (1) a copy of the Complaint, (2) summons, (3) two copies of the waiver of service of process form, (4) a prepaid means of returning the waiver of service form, (5) this Report and Recommendations, and (6) any decision adopting this Report and Recommendations upon Defendant Eppens by regular U.S. Mail, with such mail directed to the following: Kathleen H. Bailey, Esq., Chief Assistant Prosecuting Attorney, Hamilton County Prosecutor's Office, 230 E. 9th Street, Suite 4000, Cincinnati, OH 45202.

### B. Statute of Limitations

Defendant Eppens also moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that, even if Defendant was properly served, Plaintiff's Complaint should be dismissed for failure to state a claim because the statute of limitations has expired. (Doc. #37, *PageID* #s 367-69).

Under Federal Rule of Civil Procedure 12(b)(6), a court must assess whether the plaintiff has "fail[ed] to state a claim upon which relief can be granted." In making this determination, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate*

*Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks omitted). However, this is only applicable to well-pled allegations as the Court need not accept "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (brackets omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, (2007).  Additionally, dismissal under Rule 12(b)(6) is appropriate when the applicable statute of limitations bars the claim. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910 (2007). However, as an affirmative defense, the burden is on the defendant to show that the statute of limitations has run. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022), *cert. denied*, No. 22-896, 2023 WL 4163223 (June 26, 2023).

As noted previously, the only count remaining is Plaintiff's claim of excessive force against Defendant Eppens under 42 U.S.C. § 1983. Since "[§] 1983 does not provide a statute of limitations, [] we must borrow one from the most analogous state cause of action." *3799 Mill Run Partners, LLC v. City of Hilliard, Ohio*, 839 F. App'x 948, 950 (6th Cir. 2020).  Here, it is well-settled that O.R.C. § 2305.10, the two-year statute of limitations for actions for bodily injury, is the appropriate statute of limitations for actions arising under 42 U.S.C. § 1983 in Ohio." *Id.*; *see also Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989).

Additionally, the Sixth Circuit has determined that where, as here, a court "use[s] a state's Statute of Limitations, [it] also use[s] its procedural rules affecting that Statute of Limitations[.]" *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002); *see also Webster v. Spears*, 664 F. App'x 535, 537 (6th Cir. 2016).  Ohio's procedural rules, in turn, require not only that a complaint be filed within the limitations period, but also that service be completed within one year of such filing.  *See* Ohio Civ. R. 3(A); *see also Coleman*, 46 F. App'x at 769; *Webster*, 664 F. App'x at 537-38.  Specifically, Rule 3(A) of the Ohio Rules of Civil Procedure provides

that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"[4] Finally, by following Ohio's procedural rules affecting the statute of limitations, this Court is also bound by Ohio courts interpreting these rules. *See Coleman*, 46 F. App'x at 769.

In this case, all of the relevant events took place on June 3, 2019. (Doc. #3, *PageID* #s 33-34). As such, Plaintiff's claim accrued on June 3, 2019. *See 3799 Mill Run Partners, LLC, 839 F. App'x at 950* (explaining that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action.") (quoting *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019) (internal quotation marks omitted)). Therefore, to be timely under the two-year statute of limitations provided by O.R.C. § 2305.10, Plaintiff had to file his complaint on or before June 3, 2021. Indeed, Plaintiff's Complaint was timely docketed on June 15, 2020. (Doc. #3). Nonetheless, Defendant Eppens argues that, under Ohio Civ. R. 3(A), Plaintiff's case was not timely commenced because he failed to serve Defendant within one year of that filing, that is, on or before June 15, 2021. (Doc. #37, *PageID* #368).

In interpreting Ohio Civ. R. 3(A), Ohio courts have generally found that the "one-year time requirement [for service] cannot be enlarged." *Apostolouski v. Sharp*, 2005-Ohio-2559, 2005 WL 1220739, ¶ 22 (Ohio Ct. App. 2005) (quoting *Temple v. John Galt Co.*, No. 96APE10-1364, 1997 WL 177627 (Ohio Ct. App. Apr. 10, 1997)). Notwithstanding this general rule, Ohio courts have routinely found exceptions "where the failure of service is the result of circumstances outside plaintiff's control." *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 25 N.E.3d 355, 368 (Ohio Ct. App. 2014). For example, the one-year service requirement in Ohio Civil Rule 3(A)

---

[4] The federal counterpart to Ohio Civ. R. 3 only requires the "filing [of] a complaint with the court" to commence a civil action. Fed. R. Civ. P. 3. However, the Court must look to state procedural rules affecting any state statute of limitations. *Coleman*, 46 F. App'x at 769.

13

has been enlarged where "such failure is caused by unreasonable delay attributable to the clerk of courts or the court itself." *Scott v. Orlando*, 442 N.E.2d 96 (Ohio Ct. App. 1981); *see also Thomas v. Corrigan*, 733 N.E.2d 1213 (Ohio Ct. App. 1999) (excusing a plaintiff's failure to obtain service within one year because the plaintiff's "ability to serve [defendant] within a year was defeated by the trial court's erroneous dismissal of the case."). Enlargement of the one-year service requirement has also been found appropriate in cases where the plaintiff has failed to perfect service as a result of the defendants' dilatory tactics. *See Eichenberger*, 25 N.E.3d at 369 (holding enlargement under Ohio Civ. R. 3(A) to be justified where the defendants' "dilatory tactics unfairly prevented [the plaintiff] from discovering the identity of a previously unidentified defendant[.]").

Here, Plaintiff's failure to perfect service on Defendant Eppens is the result of circumstances outside his control and, therefore, warrants enlarging the one-year service requirement under Ohio Civil Rule 3(A). *See id*. at 368. As discussed previously, a plaintiff who has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915(d) is "reliev[ed] [] of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd*, 94 F.3d at 219. Plaintiff has reasonably identified Defendant Eppens for the Court and, thus, any failure to effectuate service on Defendant Eppens is the failure of the Court and the United States Marshals Service. Accordingly, Plaintiff's claim against Defendant Eppens is not barred by the failure to obtain service within the prescribed one-year period since this failure is attributable to the United States Marshals Service and the Court itself. *See Scott*, 442 N.E.2d at 97.

Therefore, to the extent that Defendant Eppens moves to dismiss Plaintiff's Complaint on the basis that it is barred by the statute of limitations, it is **RECOMMENDED** that his Motion to Dismiss (Doc. #37) be **DENIED**. Additionally, if this Report and Recommendation is adopted by

District Judge Hopkins, it is also **RECOMMENDED** that the one-year service requirement under Ohio Civil Rule 3(A) be enlarged by an additional 45-days beyond any decision adopting this Report and Recommendations.

### III. CONCLUSION

For the reasons set forth above, the undersigned finds that Defendant Eppens' arguments that Plaintiff's Complaint should be dismissed are without merit. Additionally, under the circumstances of this case, the Court finds that, if District Judge Hopkins adopts this Report and Recommendations, the time for service should be extended under Federal Rule of Civil Procedure 4(m) and Ohio Civil Rule 3(A) for an additional 45-days beyond any decision adopting this Report and Recommendations and that the United States Marshals Service be directed to send waiver of service forms for Defendant Eppens to Hamilton County's Chief Assistant Prosecutor.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Eppens Motion to Dismiss (Doc. #37) be **DENIED**;

2. The time for service be **EXTENDED** under Federal Rule of Civil Procedure 4(m) and Ohio Civil Rule 3(A) for an additional 45-days beyond any decision adopting this Report and Recommendations; and

3. The United States Marshal be **DIRECTED** to serve (1) a copy of the Complaint, (2) summons, (3) two copies of the waiver of service of process form, (4) a prepaid means of returning the waiver of service form, (5) this Report and Recommendations, and (6) any decision adopting this Report and Recommendations upon Defendant Eppens by regular U.S. Mail, with such mail directed to the following: Kathleen H. Bailey, Esq., Chief Assistant Prosecuting Attorney, Hamilton County Prosecutor's Office, 230 E. 9th Street, Suite 4000, Cincinnati, OH 45202.

July 19, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).