IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KYLE FINNELL, | : |
| *Plaintiff*, | : Case No. 1:20-cv-337 |
| vs. | : Judge Jeffery P. Hopkins |
| TIMOTHY EPPENS, | : |
| *Defendant*. | : |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 56) issued by Magistrate Judge Peter B. Silvain on July 19, 2023. The Magistrate Judge recommends that Defendant's motion to dismiss (Doc. 37) be denied and that time for service be extended under Federal Rule of Civil Procedure 4(m) and Ohio Rule of Civil Procedure 3(A) for an additional 45-days from the date of this Order. Plaintiff and Defendant have each objected to the R&R.[1] *See* Docs. 58, 59. The Court has reviewed the comprehensive findings and conclusions of the Magistrate Judge and has considered *de novo* all the filings in this case. Having done so, the Court determines that Defendant's objections should be overruled and the R&R (Doc. 56) should be **ADOPTED** with modification.

### I.   STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed

---

[1] The Magistrate Judge's Report and Recommendations resolves Defendant's motion to dismiss in Plaintiff's favor. Therefore the Court need not address Plaintiff's objections, which appear to reiterate his opposition to the underlying motion to dismiss.

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*, § 636(b)(1).

## II. LAW & ANALYSIS

Defendant raises two objections. First, that the Magistrate Judge erred in finding that there is good cause to extend time for service under Fed. R. Civ. P. 4(m). And second, that the Magistrate Judge erred in finding that this action is not time-barred.

### A. There is good cause to extend time for service here.

The Court will turn first to Defendant's objection to the Magistrate Judge's conclusion that there is good cause to extend time for service. Relying on *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), the Magistrate Judge determined that there was a showing of "automatic" good cause to extend the time for service since Plaintiff is proceeding *in forma pauperis*. Defendant counters *Byrd* and cites to several cases which he believes stand for the proposition that Plaintiff had an affirmative duty to act when the Court and the U.S. Marshal's Service neglected to effectuate service following this Court's previous order. *See* Doc. 29.

"[W]hen a plaintiff is proceeding *in forma pauperis*, the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Byrd*, 94 F.3d at 219 (citing 28 U.S.C. § 1915(d), Fed. R. Civ. P. 4(c)(2)). With this in mind, the Sixth Circuit determined in *Byrd* that an "utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for [a] plaintiff proceeding *in forma pauperis*" confers a showing of automatic good cause to extend time for service under Rule 4(m). *Id.* at 220. Subsequent cases in the Sixth Circuit, however, have determined—case-by-case—that a plaintiff's failure to act weighs against a finding of

2

good cause. For example, when considering good cause in *Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *9 (6th Cir. April 24, 2023), the Sixth Circuit explained:

> In the particular circumstances of this case — the passage of six years along with [the plaintiff's] failure to inquire about service after [the defendant] declined to waive service, when combined with [the plaintiff's] failure to provide any reasonable explanation for sitting idly by for six years — supports the district court's finding of a lack of good cause.

*See also Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015) (affirming dismissal where waiver of service was returned unexecuted four times and record did not show that plaintiff tried to discover or provide information about the defendants' whereabouts).

The ultimate question that Defendant poses is whether Plaintiff's failure to act between the Court's June 4, 2021 Order (Doc. 29) and the Court's October 7, 2022 Order (Doc. 32) renders the Magistrate Judge's good cause analysis erroneous. It does not. Although the outcome differs from *Staub*, the Magistrate Judge here engaged in a similar analysis that involved weighing the *particular circumstances of this case* against the Sixth Circuit's holding in *Byrd* to determine whether good cause exists to extend time for service under Rule 4(m). Additionally, the period at issue here is *significantly* less than the six-year period deemed unacceptable in *Staub* and less than the two-year period deemed acceptable in *Byrd*.

Even so, the circumstances of this case constitute good cause under Rule 4(m). After prior failures to effect service—which were at no fault of Plaintiff—the Court ordered that the time for service be extended *sua sponte* and that the matter be remanded to the then-assigned magistrate judge for further proceedings. *See* Doc. 29. But the Court ultimately neglected to issue an order directing the Clerk and U.S. Marshals Service to reissue service. As an added complication, which was in no way attributable to Plaintiff, this case was reassigned during

3

the period at issue to the currently assigned Magistrate Judge,[2] *see* Doc. 31, who subsequently recognized the Court had not taken the necessary steps to reissue service consistent with the June 4, 2021 Order. This Court therefore finds no error in the Magistrate Judge's good cause determination.

### B. Plaintiff's claim is not time barred.

Defendant next challenges the Magistrate Judge's conclusion that this action is not time barred. This Court arrives at the same conclusion as the Magistrate Judge, albeit in a different way. Namely, this Court finds it appropriate to rely on the Federal Rules of Civil Procedure, rather than its Ohio counterpart, to determine the timeliness of this action.

Plaintiff's claim of excessive force against Defendant under 42 U.S.C. § 1983 is the only count remaining. This is governed by the two-year statute of limitations set forth in Ohio Revised Code § 2305.10. *See LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) ("[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio . . . requires that actions . . . be filed within two years after their accrual.") (quoting *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)) (en banc). It is undisputed that Plaintiff's excessive force claim accrued on June 3, 2019.

The Magistrate Judge relied on *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765 (6th Cir. 2002) and *Webster v. Spears*, 664 F. App'x 535 (6th Cir. 2016) to conclude that Ohio's procedural rules apply when determining whether Plaintiff's claim is time barred. *See* Doc. 56, PageID 509. In both *Coleman* and *Webster*, the Sixth Circuit considered whether the respective plaintiffs had commenced or attempted to commence their actions in order to properly avail themselves of Ohio's savings statute. *See* O.R.C. § 2305.19. In so doing, the

---

[2] This case was also later re-assigned to the undersigned District Judge on December 21, 2022. *See* Doc. 45.

4

Sixth Circuit explained that because the court was using the state's statute of limitations, the court had to also use its procedural rules affecting the statute of limitations, including Ohio's savings statute. *Coleman*, 46 F. App'x at 769; *Webster*, 664 F. App'x at 537.

With this in mind, the Magistrate Judge relied on Ohio's procedural rules, including Ohio Civ. R. 3(A), to determine whether Plaintiff's excessive force claim is barred by the two-year statute of limitations set forth in O.R.C. § 2305.10. Rule 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, *if service is obtained* within one year from such filing upon a named defendant . . . ." Ohio Civ. R. 3(A) (emphasis added). Here, Plaintiff did not obtain service within one year of filing his complaint. However, relying on Ohio law, the Magistrate Judge concluded that Plaintiff should be entitled to an enlargement of time to obtain service under Ohio Civ. R. 3(A) since his failure to perfect service resulted from circumstances outside his control. *See e.g.*, *Eichenberger v. Woodlands Assisted Living Residence L.L.C.*, 2014-Ohio-5354, 25 N.E.3d 355 (10th Dist.); *Scott v. Orlando*, 2 Ohio App. 3d 333, 442 N.E.2d 96 (6th Dist. 1981). Accordingly, by finding that he should be entitled to an enlargement of time, the Magistrate Judge further concluded that Plaintiff's excessive force claim is not time barred. Such a conclusion follows the Sixth Circuit's reasoning in *Webster*:

> The Ohio Supreme Court has made clear that a plaintiff has no obligation to initiate service of process within the statute of limitations in order to timely "commence" an action, and has established that the meaning of "commence" is governed by Ohio Civ. R. 3(A), not by Ohio Rev. Code § 2305.17. *Seger v. For Women Inc.*, 110 Ohio St. 3d 451, 453, 2006 Ohio 4855, 854 N.E.2d 188 (Ohio 2006). Thus, one may commence one's case in compliance with Rule 3(A) even if process does not issue within the limitations period because Civ. R. 3(A) does not require a praecipe or request for a summons to be filed within the limitations period. *Id*. Rather than measuring whether service has occurred prior to the expiration of the statute of limitations, we should look to see whether service has been accomplished within a year of the filing of the complaint for a case to be "commenced." *See* Civ. R. 3(A).

5

*Webster*, 664 F. App'x at 538.

Though both *Coleman* and *Webster* contemplated the applicability of Ohio's procedural rules when borrowing Ohio's statute of limitations, both courts did so when considering the viability of those plaintiffs' claims under Ohio's savings statute, which is not at issue here. In this instance, it is more appropriate to rely on the Sixth Circuit's guidance in *Macon v. ITT Cont'l Baking Co.*, 779 F.2d 1166 (6th Cir. 1985). In that case, the court considered the applicability of a service deadline when borrowing another federal statute's limitation period. In doing so, the Sixth Circuit reasoned that "even if a state statute of limitations is borrowed and that state's rules also provide that service, not filing, tolls the statute of limitations, 'the prevailing rule among the federal courts of appeals is that Rule 3 [of the Federal Rules of Civil Procedure] governs the time of commencement of the action in cases where a federal matter or cause of action is involved.'" *Macon*, 779 F.2d at 1172 (quoting *Wells v. City of Portland*, 102 F.R.D. 796, 800 (D. Or. 1984). The Supreme Court instructed the same in *West v. Conrail*, 481 U.S. 35 (1987):

> Although we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with [Federal Rule of Civil Procedure] 3 within the borrowed period.
> …
> Inevitably our resolution of cases or controversies requires us to close interstices in federal law from time to time, *but when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary*.

*West*, 481 U.S. at 39–40 (emphasis added). Since the circumstances here differ from *Coleman* and *Webster*, the Federal Rules, not the Ohio Rules, of Civil Procedure control.

6

Unlike the analogous Ohio Rule, under Rule 3 of the Federal Rules of Civil Procedure an action is commenced at the time a complaint is filed. *See* Fed. R. Civ. P. 3; *see also Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996) ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations."). This means that when Plaintiff filed his complaint on June 15, 2020, his claim commenced within the two-year statute of limitations which accrued on June 3, 2019. Defendant's objection is overruled.

### III. CONCLUSION

Thus far, Plaintiff has done all that is required considering the facts and circumstances of this case to accomplish service. *Byrd,* 94 F.3d at 219. While it is in the best interest of a plaintiff proceeding *in forma pauperis* to inquire when service is not timely issued by the Clerk and the United States Marshal, Plaintiff has not acted unreasonably here.

Accordingly, for the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 56) with modification. It is therefore **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 37) is **DENIED**;

2. The time for service is **EXTENDED** for good cause shown under Fed. R. Civ. P. 4(m) for an additional 45-days from the date of this Order; and

3. The United States Marshal is **DIRECTED** to serve (1) a copy of the Complaint, (2) summons, (3) two copies of the waiver of service of process form, (4) a prepaid means of returning the waiver of service form, (5) the Report and Recommendation (Doc. 56), and (6) this Order, upon Defendant by regular U.S. Mail, with such mail directed to the following: Kathleen H. Bailey, Esq.,

Chief Assistant Prosecuting Attorney, Hamilton County Prosecutor's Office, 230 E. 9th Street, Suite 4000, Cincinnati, Ohio 45202.

**IT IS SO ORDERED.**

July 2, 2024

Jeffery P. Hopkins
United States District Judge