**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KYLE FINNELL, | : | Case No. 1:20-cv-337 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| TIMOTHY EPPENS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

This case is presently before the Court upon Plaintiff's Motion for Default Judgment (Doc. #63) and Defendant's Opposition (Doc. #64).

Plaintiff seeks default judgment against Defendant Eppens, asserting that he has not filed an answer or other defense since the undersigned's Report and Recommendation was issued on July 19, 2023. (Doc. #63). Defendant opposes Plaintiff's Motion, arguing that Plaintiff is not entitled to default judgment under Fed. R. Civ. P. 55. (Doc. #64).

Rule 55 of the Federal Rules of Civil Procedure "provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend"; namely, first "request[ing] from the Clerk of Court an entry of default" and, second, after "receiving an entry of default ... mov[ing] the Court for a default judgment[.]" *Oliver v. Comm'r of Soc. Sec.*, No. 3:17-CV-104, 2017 WL 2531759, at *1 (S.D. Ohio June 12, 2017) (citing *Ross v. Teleperformance USA, Inc.*, No. 3:13CV00038, 2014 WL 99413, at *1 (S.D. Ohio Jan. 9, 2014)). Although Plaintiff

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

filed an Application to Clerk for Entry of Default (Doc. #62), the Clerk of Court has not entered entry of default.

Further, even if Plaintiff had received an entry of default from the Clerk of Court, Plaintiff's Motion for Default Judgment should be denied. An entry of default is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Defendant Eppens filed his Motion to Dismiss in November 2022. (Doc. #37); *see* Fed. R. Civ. P. 12(a)(4) (altering time period for filing answer upon filing of motion).

Moreover, on July 2, 2024, District Judge Hopkins adopted the Report and Recommendation (Doc. #56) denying Defendant's Motion to Dismiss with modification, extended the time for service for an additional forty-five days, and directed the United States Marshal to serve Defendant Eppens. (Doc. #65). On the same day, the summons as to Defendant Eppens was reissued. (Doc. #66). The summons has not been returned executed. Accordingly, Plaintiff is not entitled to Default Judgment under Fed. R. Civ. P. 55.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motion for Default Judgment (Doc. #63) be **DENIED.**

July 16, 2024                                      *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).