UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KYLE FINNELL, | : | Case No. 1:20-CV-337 |
| Plaintiff, | : | |
| vs. | : | District Judge Jeffrey P. Hopkins |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| TIMOTHY EPPENS, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

This case is before the Court upon Defendant Timothy Eppens' Motion for Sanctions (Doc. #77) and following Plaintiff Kyle Finnell's failure to respond to this Court's Order to Show Cause (Doc. #79).

## I.  Background

On April 29, 2020, Plaintiff, an inmate previously housed at the London Correctional Institution (LCI), filed a *pro se* civil rights action under 42 U.S.C. § 1983. (Doc. #1). Upon initial review, the Court dismissed Plaintiff's claims against all but Defendant Eppens. (Doc. #4, *PageID* #52); (Doc. #6).

In his complaint, Plaintiff alleges that Defendant Eppens, a correctional officer at LCI, assaulted Plaintiff in his cell on June 3, 2019. (Doc. #3, *PageID* #33). According to Plaintiff, Defendant shoved him against the wall, forcing him to place his hands against it as Defendant punched Plaintiff in the left eye. *Id.* Plaintiff also alleges that Defendant lifted and threw him

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

backward onto the ground using a wrestling move referred to as a "suplex." *Id.* As a result, Plaintiff avers he suffered severe injuries to his face and back, requiring medical treatment. *Id.* Plaintiff also states he sustained a traumatic brain injury and suffers from post-traumatic stress disorder (PTSD) because of the incident. *Id.* at 39. Plaintiff now seeks $300,000 for pain and suffering as well as costs associated with mental health treatment. *Id.*

On February 3, 2025, the undersigned issued a Calendar Order setting the initial discovery deadline for May 30, 2025, and the initial dispositive motion deadline for June 30, 2025. (Doc. #71). On March 12, 2025, Defendant's counsel contacted the prison where Plaintiff was housed, seeking access to Plaintiff's medical records from the last decade.[2] (Doc. #72-1, *PageID* #595). On March 14, 2025, a staff member reported that Plaintiff "refused to sign the release of [his] medical records." *Id.* Defendant then requested an informal discovery teleconference to resolve the issue. (Doc. #72). The Court scheduled a teleconference for June 4, 2025. (Doc. #74). On May 13, 2025, citing Plaintiff's refusal to sign the release forms and his lack of response to their subsequent requests, Defendant also requested that the Court extend the relevant discovery and dispositive motion deadlines. (Doc. #75, *PageID* #600). The Court extended the discovery deadline to August 28, 2025, and the dispositive motion deadline to September 29, 2025. (Doc. #76).

At the June 4, 2025 discovery teleconference, counsel for Defendant explained the history of the discovery dispute and requested that Plaintiff be ordered to sign the medical releases. The undersigned found that Plaintiff's medical records are relevant and ordered that Plaintiff provide Defendant with the requested medical releases as soon as possible, but no later than thirty days.

---

[2] When Plaintiff submitted this action in 2020, he was housed at LCI. (Doc. #3, *PageID* #29). However, he has since been transferred to other correctional institutions. (Doc. #72, *PageID* #591). Plaintiff is currently housed at Madison Correctional Institution. (Doc. #86).

2

The undersigned warned Plaintiff that not complying with the order could result in sanctions—including dismissal. Plaintiff promised that he would provide the requested medical releases within the ordered timeframe.

On July 7, 2025, the thirty-day deadline expired, and Defendant did not receive Plaintiff's signed medical releases.[3] (Doc. #77, *PageID* #606). On July 17, 2025, Defendant filed his Motion for Sanctions against Plaintiff—seeking dismissal of Plaintiff's action. *Id.* at 605. In the alternative, Defendant requested that Plaintiff be prohibited "from introducing any medical-based damages evidence on a motion, at a hearing, or at trial." *Id.* at 607. Defendant provided Plaintiff with a notice of his motion in accordance with District Judge Hopkins' Standing Order. (Doc #78, *PageID* #s 619–20, 624). The notice stated that "[t]he purpose of this notice is to advise you that [D]efendant has filed a motion for sanctions asking the Court to dismiss all or some of your claims," and "that [D]efendant's motion may be granted, and your claims may be dismissed without further notice if you do not oppose the motion." *Id.* at 619. Plaintiff's response was due on or before August 11, 2025. S.D. Ohio Civ. R. 7.2(a)(2); (Doc. #79, *PageID* #639). Plaintiff has failed to file a response. *Id.*

On August 25, 2025, the undersigned ordered Plaintiff to show cause as to why this Court should not grant Defendant's motion or, in the alternative, allowing Plaintiff time to file a memorandum in opposition by September 10, 2025. (Doc. #79). The Order advised Plaintiff "that failure to show good cause or to file the opposition memorandum … [by the deadline] may result in the granting of the Defendant's Motion for Sanctions …." *Id.* On October 21, 2025, Plaintiff petitioned this Court for an extension of time to show cause. (Doc. #84). On October 22, 2025, this Court granted his request and extended the deadline to November 12, 2025, while also

---

[3] Thirty days from June 4 is July 4—a federal holiday when this Court is closed. Moreover, July 4, 2025, fell on a Friday. This meant the actual deadline was on Monday, July 7, 2025.

3

stressing "that no further extension will be granted absent extraordinary circumstances." (Doc. #85).

On November 3, 2025, Plaintiff filed a second petition requesting an extension of time to show cause, citing challenges sending documents from the correctional facility where he was housed. (Doc. #86, *PageID* #s 728–29). On November 4, 2025, the Court denied Plaintiff's request, finding that Plaintiff had not, beyond the same general and unsupported assertions, adequately explained why he needed additional time beyond the previous extensions. (Doc. #87).[4] The Court specifically noted again that Plaintiff had "until on or before **November 12, 2025**, to respond to Defendant's Motion for Sanctions." *Id.* at 732. Despite this Order, Plaintiff failed to show cause or file a response to Defendant's Motion for Sanctions by November 12, 2025. However, on December 4, 2025, Plaintiff filed another Motion for Extension of Time to Respond to Defendant's Motion for Sanctions reiterating the same essential arguments. (Doc. #88). This was subsequently denied by the undersigned in an Order dated December 11, 2025. (Doc. #90).

**II.   Standard of Review**

When a plaintiff faces sanctions under Fed. R. Civ. P. 37, the sanctioning court "may properly consider both punishment and deterrence" to reach an appropriate sanction. *Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 459 (S.D. Ohio 1995) (Graham, D.J.). The court has a number of ways to sanction parties, including by dismissing the case. Fed. R. Civ. P. 37(b)(2)(A). When deciding if dismissal is appropriate, a court considers: (1) whether plaintiff's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether plaintiff's failure to cooperate in discovery prejudiced defendant; (3) whether plaintiff was warned that failure to

---

[4] Plaintiff also requested, and was granted, an extension of time to respond to Defendant's Motion for Summary Judgment (Doc. #82). Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment (Doc. #82) was extended to December 4, 2025. (Doc. #87).

4

cooperate could lead to dismissal; and (4) whether the court imposed or considered less drastic sanctions. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). These four factors are also used in determining whether dismissal is appropriate under Fed. R. Civ. P. 41(b) and under the court's inherent power to do so. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *see Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *see Magee v. Union Twp. Police Dep't*, No. 1:21-CV-22, 2022 WL 831318, at *2 (S.D. Ohio Mar. 21, 2022) (Black, D.J.) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.") (citation omitted). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (citation and internal quotation marks omitted).

An action brought by a *pro se* plaintiff can be dismissed for these same reasons as courts generally expect *pro se* litigants "to adhere to readily comprehended court deadlines." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). More plainly, if a *pro se* plaintiff engages in a "clear pattern of delay," dismissal "is appropriate." *Id.*

**III.   Discussion**

    **A.   Willfulness, Bad Faith, or Fault**

A plaintiff acts with willfulness, bad faith, or fault when they display either "an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Mager*, 924 F.3d at 837. Courts have found willfulness, bad faith, or fault when the plaintiff shirked important parts of discovery, especially by failing to follow through on their

5

obligations. One such example, a plaintiff acts willfully or in bad faith when he fails to respond to both defendant's dispositive motions and court orders absent good cause. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997); *Carthon v. C. State Univ.*, 290 F.R.D. 83, 88 (S.D. Ohio 2013) (Newman, M.J.); *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 3530850, at *4 (S.D. Ohio July 15, 2014) (Kemp, M.J). Additionally, a plaintiff who knows about court-ordered deadlines but fails to meet them also evidences bad faith or willfulness. *Reyes*, 307 F.3d at 458 (finding bad faith, willfulness, or fault when "the party has the ability to comply with a discovery order but does not").

In this case, Plaintiff's inaction demonstrates the requisite culpability to be characterized as willful, in bad faith, or at the very least, at fault. Plaintiff attended and participated in the June 4, 2025, discovery teleconference where this Court ordered Plaintiff to send the necessary medical release forms. During the discovery teleconference, Plaintiff affirmatively indicated he would provide Defendant with the medical release forms within the thirty-day deadline. That same deadline came and went, and Plaintiff did nothing. When Defendant filed a motion seeking dismissal of Plaintiff's action, Plaintiff not only received notice of the motion but was also put on notice of the deadline to file a response. The deadline came and went, and again, Plaintiff did nothing. Plaintiff requested an extension for time to show cause or craft a response to Defendant's Motion, which the Court granted. That deadline passed, and again, Plaintiff did nothing.

Therefore, because Plaintiff has engaged in a pattern of failing to meet deadlines despite having knowledge, he has acted with reckless disregard for these proceedings. *See Harmon,* 110 F.3d at 368 (finding that plaintiff was "stubbornly disobedient and willfully contemptuous" for not filing responses on assigned deadlines even after being granted more time to do so); *see Hunter v. Hamilton Cnty.*, No. 1:15-CV-540, 2016 WL 11458137, at *4 (S.D. Ohio May 24, 2016)

6

(Litkovitz, M.J.) ("Because plaintiff was repeatedly informed of her duties to prosecute this action and granted multiple extensions of time to comply with those obligations, plaintiff's failure to file responses to any of the County defendants' motion to dismiss can only be characterized as willful.").

### B. Prejudice

A defendant is prejudiced when time, money, and effort is spent getting plaintiff to provide what "they are legally obligated to provide." *Barron v. Univ. of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015). A defendant is prejudiced by a plaintiff who fails to respond to discovery requests and court orders requiring plaintiff to respond to such requests. *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 635 (6th Cir. 2006) ("Plaintiffs' prolonged failure to cooperate with discovery requests and orders substantially prejudiced defendants."); *see NPF Franchising LLC v. SY Dawgs LLC*, 37 F.4th 369, 380 (6th Cir. 2022) (affirming the magistrate judge's findings on prejudice when appellant failed to participate in scheduled depositions, follow the briefing schedule, respond to subpoenas, and certify compliance). Prejudice also exists where a plaintiff's misconduct unduly restricts a defendant's access to documents necessary to craft a defense. *Whittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004) ("[T]he existence of prejudice is clear because he undermined defendant's ability to defend this case."); *see Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

In his Complaint, Plaintiff alleges that he suffered physical and mental harm as a result of Defendant's conduct. Plaintiff's medical releases would allow Defendant reasonable access to Plaintiff's medical history in the timeframe of the alleged assault. As Plaintiff's medical history is directly at issue in the instant action, the undersigned accepts Defendant's assertion that these medical releases and the documents sought are central to Defendant's ability to craft a defense.

However, as previously set out, Plaintiff has refused to provide the signed medical release forms to Defendant leading to multiple motions by Defendant, a discovery teleconference, and several progressive Orders issued by the undersigned in an attempt to provide for adequate and necessary discovery.

Accordingly, because Plaintiff's actions impacted Defendant's time, money, and efforts, Plaintiff's failure to perform his legal obligation by providing the medical releases necessary for discovery prejudiced Defendant.

### C. Prior Notice

A plaintiff is given adequate prior notice when he is warned that he is facing possible dismissal. *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 315 (6th Cir. 2015). Language in a discovery order indicating that an action may be dismissed sufficiently puts a plaintiff on notice. *Id.* at 312, 315. Likewise, a defendant's motion requesting dismissal sufficiently puts plaintiff on notice. *Field Turf USA v. Sports Constr. Group, LLC*, No. 1:06-CV-2624, 2007 WL 4412855, at *4 (N.D. Ohio Dec. 12, 2007) ("[A] motion to dismiss or for default is sufficient to put the offending party on notice that such a sanction is considered."); *S. Wabash Commc'ns, Ltd. v. Union Cnty. Broad. Co.*, 69 F. App'x 285, 291 (6th Cir. 2003); *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001).

In this case, Plaintiff received several warnings that his action could be dismissed. First, at the discovery teleconference, the Court warned Plaintiff that failing to provide the requested medical release forms could result in dismissal of this case. Next, Defendant filed a motion requesting the Court dismiss Plaintiff's action. Plaintiff received a documented notice making him aware of Defendant's motion, and specifically Defendant's request that "the Court … dismiss all

8

or some of [Plaintiff's] claims." (Doc. #78, *PageID* #619). This notice further cautioned Plaintiff that failure to oppose the motion may result in dismissal.

Therefore, Plaintiff had prior notice that his case could be dismissed.

### D.      Alternative Sanctions

A court is not required to consider alternative sanctions when a plaintiff's conduct is contumacious. *Harmon*, 110 F.3d at 367. Indeed, if plaintiff's conduct was contumacious, then a court may order dismissal "as the first and only sanction." *Id.* at 369.

This case is not unlike *Harmon*, where Harmon failed to respond to opposing counsel's requests, failed to respond to opposing counsel's motion to compel, and failed to comply with the court's orders. *Id.* at 368. In this case, Plaintiff failed to respond to Defendant's request for discovery. Plaintiff has failed to respond to Defendant's Motion for Sanctions. Plaintiff has failed to abide by this Court's orders. Plaintiff has failed to comply with assigned deadlines. Plaintiff's inaction prejudiced Defendant, causing undue delay, forcing Defendant to file motions with this Court in an attempt to facilitate Plaintiff's cooperation, and ultimately resulting in Defendant being unable to obtain the requested information necessary to establish a defense. Plaintiff received several warnings that his failure to engage in the discovery process could result in dismissal. There are no alternative sanctions here that would both adequately punish Plaintiff and deter future wrongdoers other than dismissal. *See Rohrig v. Grant*, No. 2:21-CV-1843, 2021 WL 4134806, at *2 (S.D. Ohio Aug. 17, 2021) (Vascura, M.J.) ("Because plaintiff has missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.").

Therefore, the record in this case indicates that Plaintiff's conduct was contumacious and that no other sanction besides dismissal would be appropriate.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant's Motion for Sanctions (Doc. #77) be **GRANTED**;

2. Plaintiff's action be **DISMISSED WITH PREJUDICE** for failure to follow court orders to provide or permit discovery under Fed. R. Civ. P. 37(b); and

3. The case be terminated on the Court's docket.


January 30, 2026                             *s/Peter B. Silvain, Jr.*
                                                             Peter B. Silvain, Jr.
                                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).